IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHARON SMITH and SHENAN SMITH PLAINTIFFS

VS. CIVIL ACTION NO. 3:18-cv-105-CWR-LRA

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, EFI GLOBAL, INC.,
and JOHN DOES 1 THROUGH 5 DEFENDANTS

---

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S MOTION FOR INTRADISTRICT TRANSFER OF VENUE**

---

COMES NOW, the Defendant, Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"), without waiving any jurisdictional, venue, or other defenses, pursuant to the United States Code and the Federal Rules of Civil Procedure, and files this Motion for Intradistrict Transfer of Venue, and in support thereof, would show the following:

1. On February 16, 2018, Sharon Smith and Shenan Smith (hereinafter "Ms. Smith", "Mr. Smith", or collectively, "the Plaintiffs"), filed their Complaint asserting various claims for breach of contract and alleged acts of bad faith, which total eight counts against the Defendants. These include claims against EFI Global, Inc. and Allstate which speculate that the Defendants conspired against the Plaintiffs. Each of the causes identified have as their genesis the fire loss at the Plaintiffs' house in Hattiesburg, Forrest County, Mississippi. *See Complaint*, [Document #1]. Ms. Smith had an Allstate policy in effect as of the date of loss and Allstate later denied her claim arising out of the fire loss.

2. Following Allstate's investigation of the subject fire, Ms. Smith's claim was denied because the Plaintiffs made material misrepresentations in violation of the policy with Allstate and

the fire was incendiary and not accidental, which excluded the loss from coverage. Allstate reserved the right to deny the claim for other reasons as the Plaintiff's misrepresentations precluded a full investigation of the claim. See denial letter, **Exhibit "A"**.

3. EFI Global, Inc. origin and cause investigation was conducted by Senior Fire Investigator, Gary Jones. His investigation determined that the fire was incendiary. The report is attached hereto as **Exhibit "B"**.

4. The Plaintiffs are residents of Forrest County, Mississippi. *See Complaint*, [Document #1] at ¶ 1. Allstate is a foreign corporation with a principal place of business in Illinois and EFI Global, Inc. is a foreign corporation with its principal place of business in Texas. *Id*. at ¶¶ 2-3.

5. On February 20, 2018, counsel for Allstate accepted service without waiving any defenses, affirmative or otherwise. *See* e-mails between counsel, **Exhibit "C"**.

6. The subject fire occurred in the Eastern Division; the Plaintiffs reside in the Eastern Division; the responding City of Hattiesburg firefighters work in the Eastern Division; all known witnesses reside in the Eastern and Southern Divisions; none of the Plaintiffs reside in the Northern Division; neither of the Defendants have principal places of business in the Northern Division; there are no known witnesses who reside in the Northern Division; and none of the facts giving rise to the subject suit occurred in the Northern Division.

7. Counsel for the Plaintiffs filed a separate matter in the Circuit Court of Forrest County, Mississippi, which was removed to the Eastern Division and styled as *Dimple Mooney v. Shelter Mutual Insurance Company, Rimkus Consulting Group, Inc., and Tony Russell Clark*, Civil Action Number 2:17-cv-00204-KS-MTP. The *Mooney* complaint contains twelve counts of action against those defendants. There are striking similarities including allegations of conspiracy

between the insurance carrier and an independent investigator, i.e. Shelter and Rimkus / Allstate and EFI Global. *See Id*. and *Complaint*, [Document #1]. A copy of the *Mooney* complaint is attached hereto as **Exhibit "D"**.

8. Of the private and public interest factors to be considered with a motion to transfer venue, five support transferring this cause and three are neutral. Those factors supporting transfer include: (1) ease to sources of proof; (2) witness costs; (3) practical issues with judicial economy; (4) the local interest of the Court; and (5) the familiarity of the Eastern Division with the asserted claims.

9. Venue of this matter should be transferred to the Eastern Division as it is more convenient to the parties and witnesses in the interest of justice.

WHEREFORE, PREMISES CONSIDERED, the Defendant, Allstate Vehicle and Property Insurance Company, respectfully requests that this Honorable Court enter an Order Granting Change of Venue to the Eastern Division of the United States District Court for the Southern District of Mississippi, and for any and all other relief the Court deems just and equitable in the premises.

Respectfully submitted, this the 13th day of March, 2018.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DEFENDANT**

BY: WILKINS PATTERSON, P.A.

BY: */s/ David E. Stovall*
ROBERT R. STEPHENSON (MSB #10772)
DAVID E. STOVALL (MSB #102706)

OF COUNSEL:

WILKINS PATTERSON, P.A.
4735 Old Canton Road (39211)
Post Office Box 13429
Jackson, Mississippi 39236-3429
Telephone: (601) 366-4343
Facsimile: (601) 981-7608
Email: bstephenson@wilkinspatterson.com
dstovall@wilkinspatterson.com
*Attorneys for Defendant Allstate Vehicle and Property Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

P. Manion Anderson, Esq.
Samuel S. McHard, Esq.
McHard, McHard, Anderson and Associates, PLLC
140 Mayfair Road, Suite 1500
Hattiesburg, Mississippi 39402
E-mail: manderson@mchardlaw.com
smchard@mchardlaw.com
*Attorneys for Plaintiffs*

SO CERTIFIED, this the 13th day of March, 2018.

*/s/ David E. Stovall*
DAVID E. STOVALL