IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHARON SMITH and SHENAN SMITH                                    PLAINTIFFS

v.                                                CIVIL ACTION NO. 2:18-CV-55-KS-MTP

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, EFI GLOBAL,
INC. and JOHN DOES 1-5                                           DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Bifurcate and Stay ("Motion to Bifurcate") [22] filed by Defendant Allstate Vehicle and Property Insurance Company. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I. BACKGROUND

This action is centered around a fire that destroyed a property owned by Plaintiffs Sharon Smith and Shenan Smith (collectively "Plaintiffs"). Plaintiffs had an insurance policy on this property from Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). In denying Plaintiffs' claims after the fire, Allstate relied on the determination by Defendant EFI Global ("EFI") that the fire was incendiary in nature and denied the claims on the basis that the fire was arson. Plaintiffs filed suit in this Court on February 16, 2018, bringing claims of negligence, gross negligence, conspiracy, and negligent and intentional emotional distress against Allstate and EFI, and bringing additional claims of failure to pay policy benefits, bad faith denial, breach of contract, and breach of covenant of good faith and fair dealing against Allstate.

Allstate now brings its Motion to Bifurcate [22], arguing that the claims against it should be severed and stayed until the claims against EFI are decided.

## II.  DISCUSSION

Allstate's Motion to Bifurcate [22] is brought under Federal Rule of Civil Procedure 42(b), which allows for bifurcation "[f]or convenience, to avoid prejudice, or to expedite and economize."  The decision to bifurcate is left within the sound discretion of the district court. *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994).  When evaluating a motion brought under this rule, this Court typically follows the factors articulated in *Thompson v. Sanderson Farms, Inc.*, Nos. 3:04-CV-837-BN, 3:04-CV-839-BN, 3:04-CV-840-BN, 2006 WL 2559852, at *4 (S.D. Miss. Sept. 1, 2006).  The Court considers:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggests that they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) the prejudice to either party in the event separate trials are ordered.

*Id.*; *see also Butcher v. Allstate Ins. Co.*, No. 1:06-CV-423-KS-MTP, 2008 WL 5101339, at *3 (Nov. 26, 2008).  All five of these factors weigh in favor of denying Allstate's motion.

For the first, third, and fourth factors, the claims against EFI unquestionably arise out of the same transaction or occurrence, involve common questions of fact or law, and will not require testimony of different witnesses and documentary proof as the claims against Allstate because the claims against EFI are brought against *both* Allstate and EFI.  In fact, there is no claim alleged in the Complaint [1] brought only against EFI.  Furthermore, Allstate's argument that the conspiracy claim against EFI is based on "an agreement which include in excess of one hundred losses," not just Plaintiffs' loss, is a mischaracterization of the allegations in the Complaint [1].  (Rebuttal [32] at p. 5.)  The actual allegations of the Complaint [1] are that EFI and Allstate "together tortiously conspired to manufacture 'evidence' and srongfully [sic] and recklessly deny Plaintiffs' claims," making no mention of losses from other wrongfully denied claims.  (Complaint [1] at ¶ 50.)

2

The second factor weighs against bifurcation because the posture of discovery as to the claims in this case does not suggest that bifurcation is warranted. The posture of discovery suggests nothing as of yet because discovery has not begun.

The fifth factor weighs in favor of denial of the motion. Despite Allstate's arguments that it will be prejudiced by having to litigate the claims against it before a determination is made as to the claims against EFI, Allstate will still need to litigate those claims regardless of the outcome of the claims against EFI. Furthermore, the additional burden placed on the Plaintiffs in separating these claims, which are based on the same occurrence and involve common question of law and fact, would unduly prejudice them.

Therefore, because all the *Thompson* factors weigh against bifurcation, the Motion to Bifurcate [22] will be **denied**.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Bifurcate is **denied**.

SO ORDERED AND ADJUDGED, on this, the 15th day of June, 2018.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE